Filed 7/24/24  P. v. Marrero CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082183 |
| v. | (Super.Ct.No. FSB033368) |
| PEDRO JOSE MARRERO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Reversed and remanded with directions.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

The California Department of Corrections and Rehabilitation (the CDCR) mailed a letter to the court recommending defendant and appellant Pedro Jose Marrero be resentenced pursuant to Penal Code former section 1170.03, subdivision (a)(1),[1] which the court summarily denied without a hearing. On appeal, defendant contends the matter should be remanded for the court to appoint him counsel and hold a hearing on the recommendation. We reverse and remand.

## I.  PROCEDURAL BACKGROUND

On May 22, 2003, a jury found defendant guilty of three counts of robbery (Pen. Code, § 211, counts 1-3) and one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a), count 4). The jury also found true allegations that defendant personally used a handgun during his commission of the counts 1 and 3 offenses (Pen. Code, § 12022.53, subd. (b)); that defendant personally used a knife during his commission of the count 2 offense (Pen. Code, § 12022, subd. (b)(1)); that defendant had suffered two prior strike convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subd. (a)); and that defendant had suffered two prior serious felony convictions (§ 667, subd. (a)(1)). The court sentenced defendant to 31 years plus 100 years to life in state prison.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

"Section 1172.1 was originally enacted as section 1170.03. (Stats. 2021, ch. 719, § 3.1.) Effective June 30, 2022, it was amended and renumbered. (Stats. 2022, ch. 58, § 9.)" (*People v. Ngo* (2023) 89 Cal.App.5th 116, 128, fn. 4.)

On February 16, 2023, personnel from the CDCR sent a letter to the court pursuant to former section 1170.03 recommending defendant's sentence be recalled and that the court resentence him. Specifically, the letter brought to the court's attention the five-year consecutive terms the trial court imposed for the prior serious felony conviction enhancements, which the court now had discretion to strike. The court denied the recommendation by minute order dated March 17, 2023, without appointing counsel for defendant or holding a hearing on the recommendation.

## II. DISCUSSION

Defendant contends we should remand the matter with directions to the court to appoint counsel for defendant and hold a hearing giving due consideration to the CDCR's recommendation. The People concede. We agree.

"Section 1172.1, subdivision (a)(1) states: 'When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department . . . the court may . . . at any time upon the recommendation of the secretary . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if [the defendant] had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence.' The Department makes such recommendations 'not only to bring to the trial court's attention sentences in need of correction (e.g., unauthorized sentences) but also to invite the court to recall sentences based upon equitable considerations (e.g., extending the benefit of an ameliorative change in the law to a

3

defendant whose judgment is final).' [Citation.] The 'recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is "an invitation to the court to exercise its equitable jurisdiction."' [Citation.] Although section 1172.1 does not prescribe any particular form for a recommendation for recall and resentencing, the Department typically makes such a recommendation expressly in a letter from the Secretary. [Citations.]" (*People v. Codinha* (2023) 92 Cal.App.5th 976, 986-987.)

If the CDCR submits such a letter, "the court shall provide notice to the defendant and set a status conference within 30 days after the date that the court received the request. The court's order setting the conference shall also appoint counsel to represent the defendant." (§ 1172.1, subd. (b)(1).) "There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety . . . ." (§ 1172.1, subd. (b)(2).)

Here, the CDCR submitted a letter recommending the court recall defendant's sentence and resentence him pursuant to former section 1170.03. Thus, the court was statutorily required to appoint defendant counsel and hold a hearing on the recommendation. The court erred in failing to do either. Therefore, the matter must be reversed and remanded.

### III.  DISPOSITION

The court's order summarily denying the CDCR's recommendation that it recall defendant's sentence and resentence him is reversed.  The matter is remanded so that the court may appoint counsel for defendant and hold a hearing on the recommendation.  We express no opinion on whether defendant would be entitled to the recommended relief upon remand.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER           
Acting P. J.

We concur:

MILLER              
            J.

MENETREZ         
            J.